# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
No. 16-1359V
Filed: January 8, 2018

| | |
|---|---|
| ERIC G. WINSTON,<br><br>              Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>              Respondent. | UNPUBLISHED<br><br>Attorneys' Fees and Costs. |

Jason L. Solotaroff, Giskan Solotaroff & Anderson, LLP, for petitioner.
Claudia Barnes Gangi, U.S. Department of Justice, Washington, DC, for respondent.

### DECISION ON ATTORNEYS' FEES AND COSTS[1]

On October 18, 2016, petitioner filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] (the "Vaccine Act"). Petitioner alleged that he suffered Parsonage-Turner Syndrome as a result of an influenza vaccine he received on October 16, 2013. On July 21, 2017, the undersigned issued a decision awarding compensation to petitioner based on the parties' stipulation. (ECF No. 16.)

On November 6, 2017, petitioner filed a motion for attorneys' fees and costs. (ECF No. 20.) Petitioner requests attorneys' fees in the amount of $11,760.00 (ECF No. 21). Pursuant to petitioner's declaration, in accordance with Vaccine General Order 9, petitioner requests costs in the amount of $400.00. Thus, the total amount requested is $12,160.00.

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, the undersigned intends to post it on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

On November 20, 2017, respondent filed a response stating respondent has no objection to petitioner's motion. (ECF No. 22.) Respondent "respectfully recommends that the Chief Special Master exercise her discretion and determine a reasonable award for attorneys' fees and costs." Id at 3.

The undersigned has reviewed the billing records submitted with petitioner's request. In the undersigned's experience, the request appears reasonable, and the undersigned finds no cause to reduce the requested hours or rates.[3]

The Vaccine Act permits an award of reasonable attorneys' fees and costs. § 15(e). Based on the reasonableness of petitioner's request and the lack of opposition from respondent, the undersigned **GRANTS** petitioner's motion for attorneys' fees and costs.

**Accordingly, the undersigned awards the total of $12,160.00[4] as follows:**

- **A lump sum of $11,760.00, representing reimbursement for attorneys' fees and costs, in the form of a check payable jointly to petitioner and petitioner's counsel, Jason L. Solotaroff; and**

- **A lump sum of $400.00, representing reimbursement for petitioner's costs, in the form of a check payable to petitioner.**

The Clerk of the Court SHALL ENTER JUDGMENT in accordance herewith.[5]

**IT IS SO ORDERED.**

<u>s/Nora Beth Dorsey</u>
Nora Beth Dorsey
Chief Special Master

---

[3] The undersigned makes no determination as to the appropriate hourly rate which should be awarded counsel, but makes her decision based on the overall amount of the fees requested. Further, the undersigned notes that the billing records contain a number of vague entries. If counsel files additional cases in the Program, fees may not be fully awarded due to the failure to follow the vaccine guidelines with regard to billing practices.

[4] This amount is intended to cover all legal expenses incurred in this matter. This award encompasses all charges by the attorney against a client, "advanced costs" as well as fees for legal services rendered. Furthermore, § 15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein. See generally Beck v. Sec'y of Health & Human Servs., 924 F.2d 1029 (Fed. Cir.1991).

[5] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.